UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

GLENN PEELER,

    Plaintiff,

v.

CHRISTOPHER JONES, *et al.*,

    Defendants.

Civil Action No. 5:25-428-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Glenn Peeler is an inmate at the Eastern Kentucky Correctional Complex.[1] Proceeding without counsel, Peeler filed a civil rights complaint based on events that allegedly occurred at the Lee Adjustment Center (LAC), where he was previously confined. (R. 1). Peeler's complaint is now before the Court for screening under 28 U.S.C. § 1915A. That provision requires dismissal of any claim that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a party who is immune from such damages. At this stage of review, the Court accepts Peeler's factual allegations as true, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and construes his legal claims liberally in his favor, s*ee Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

---

[1] At the time Peeler filed his complaint, he reported that he was confined at the Green River Correctional Complex in Central City, Kentucky. However, correspondence the Clerk's Office sent to Peeler at that facility was returned as undeliverable. (R. 4). A search of the publicly available Kentucky Online Offender Lookup website indicates that Peeler is now housed at the Eastern Kentucky Correctional Complex. *See* kool.corrections.ky.gov/KOOL/Details/133047 (accessed Jan. 15, 2026).

Peeler names the following defendants: (1) LAC Correctional Officer Christopher Jones; (2) LAC Correctional Officer John Doe; (3) LAC Correctional Officer Jesse Johnson; (4) LAC Chief of Security Terry Fultz; (5) "Kentucky State Monitor" Nicole Beckstrom; (6) LAC Warden Daniel Akers; and (7) CoreCivic of America. The LAC is one of fourteen detention centers overseen by the Kentucky Department of Corrections (KDOC). *See* www.corrections.ky.gov/Facilities/Pages/default.aspx (accessed Jan. 15, 2026). CoreCivic is a private company that operates the LAC under contract with KDOC. *See Moore v. Martin*, 5:25-40-REW-HAI (E.D. Ky. Mar. 6, 2025); Lee Adjustment Center, CoreCivic, https://www.corecivic.com/facilities/lee-adjustment-center (accessed Jan. 15, 2026). As best the Court can tell, Peeler alleges that Defendants Jones, Doe, Johnson, Fultz, and Akers are CoreCivic employees, while Beckstrom is employed by the Commonwealth of Kentucky. Peeler purports to sue the defendants in both their individual and official capacities.

Peeler alleges that, on November 12, 2024, Jones, Doe, and Johnson swung Peeler's cell door open, cursed at him, and told him to get up and put on his shoes. Peeler alleges that he complied with the defendants' orders. However, Peeler claims that Johnson said, "spray him," and Jones sprayed Peeler in the face with OC spray. Peeler alleges that Jones, Doe, and Johnson then handcuffed him forcefully using one set of handcuffs, although Peeler needed two sets due to his size. According to Peeler, Jones, Doe, and Johnson then took him to the medical unit where they put their weight on him while he was confined to a chair. Peeler alleges that he suffered a metacarpal fracture as a result.

Peeler alleges that Defendants Fultz, Beckstrom, and Akers "has [sic] been placed on notice of the abusive conduct of Defendant Jones, Doe, and Johnson through grievances and/or complaints, but failed to take any action against them or otherwise control their behavior." Peeler

also asserts that Beckstrom failed to report Jones, Doe, and Johnson's alleged conduct to the KDOC. Finally, Peeler alleges that CoreCivic failed to train its employees regarding the appropriate use of force.

Peeler contends that each of the defendants violated his rights under the Eighth Amendment—Jones, Doe, and Johnson by using excessive force against him; Fultz, Beckstrom, and Akers for being deliberately indifferent to his safety; and CoreCivic for failing to train its employees. He also alleges that Jones, Doe, and Johnson assaulted and battered him in violation of Kentucky law. For relief, he seeks monetary damages.

Peeler's official capacity claims fail regardless of whether they are construed against the defendants as KDOC employees or CoreCivic employees. An "official capacity" claim is actually a claim directly against the agency that employs the defendant. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). The KDOC is not subject to suit under 42 U.S.C. § 1983 in federal court, both because a state agency is not a "person" subject to liability under Section 1983, and because the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07-cv-P697-S, 2008 WL 412847, at *1 (W.D. Ky. Sept. 4, 2008) (*citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court.") (internal quotation marks and citation omitted)); *Scott v. Kentucky Department of Corrections*, No. 08-cv-104-HRW, 2008 WL

4083002, at *2 (E.D. Ky. Aug. 29, 2008) ("the Eleventh Amendment has also been interpreted to extend immunity to State employees sued for damages in their official capacities.").

Peeler's official-capacity claims against the CoreCivic employees fare no better, but for a different reason. It is true that a private corporation that performs a public function (such as contracting with the state to run its prisons) may be found to act under color of law for purposes of § 1983. *See Nugent v. Spectrum Juvenile Justice Servs.*, 72 F.4th 135, 141 (6th Cir. 2023) (citing *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991)). However, such a corporation is not vicariously liable for the actions of its employees. *See Thomas v. City of Chattanooga*, 398 F.3d 462, 432-33 (6th Cir. 2005). Instead, for a suit to lie against such a private corporation, the plaintiff must allege that the corporation's policy or custom was the moving force behind his alleged deprivation of constitutional rights. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citing *Miller v. Sanilac*, 606 F.3d 240, 254 (6th Cir. 2010)). While Peeler alleges that CoreCivic failed to train its employees, this conclusion, which is unsupported by any factual allegations, is insufficient to state a claim upon which relief can be granted. *See Iqbal v. Twombly*, 556 U.S. 662, 678 (2009) (a pleading that "offers labels and conclusions" or "naked assertions devoid of further factual enhancement" will not suffice) (cleaned up). And since Peeler has failed to sufficiently allege any policy or custom that led to a violation of his constitutional rights, his claims against CoreCivic itself necessarily fail, as well.

That being said, Peeler will be permitted to proceed with his Eighth Amendment claims against Jones, Doe, Johnson, Fultz, Beckstrom, and Akers in their individual capacities. Peeler also may proceed with this state law claims of assault and battery against Jones, Doe, and Johnson. Since Peeler is a prisoner, the United States Marshals Service ("USMS") will be directed to assist him with serving the defendants with a summons and copy of the complaint. However, since

4

Doe's identity is unknown, he cannot be served at this time. Peeler is advised of Rule 4(m) of the Federal Rules of Civil Procedure, which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Consistent with Rule 4(m), Peeler is hereby notified that if he does not name Defendant "John Doe" within 90 days from the date he filed his complaint at R. 1, the Court will dismiss his claims against that defendant without prejudice. Should Peeler ascertain more specific information regarding the identity of the unnamed defendant, he should immediately advise the Court. *See Drummond v. Warden of USP McCreary*, No. 6:22-cv-00059-REW, at DE 16 (E.D. Ky. Nov. 1, 2022) (taking the same approach in another case involving John Doe defendants); *Brown v. Federal Bureau of Prisons, et al.,* No. 6:22-cv-00097-DCR, at DE 6 (E.D. Ky. Aug. 8, 2022) (same).

Based on the foregoing, it is **ORDERED** as follows:

1. A Deputy Clerk is **DIRECTED** to update Peeler's address to Eastern Kentucky Correctional Complex, 200 Road to Justice, West Liberty, Kentucky 41472. The Deputy Clerk also is **DIRECTED** to resend the correspondence filed at R. 2 to Peeler at his new address.

2. All of Peeler's official-capacity claims are **DISMISSED**. Peeler's individual-capacity claim against CoreCivic also is **DISMISSED**.

3. CoreCivic is **TERMINATED** as a party to this action.

4. Peeler may **PROCEED** with his individual-capacity claims against Defendants Jones, Doe, Johnson, Fultz, Beckstrom, and Akers.

5. A Deputy Clerk is **DIRECTED** to prepare five (5) Service Packets for service upon Defendants Christopher Jones, Jesse Johnson, Terry Fultz, Nicole Beckstrom, and Daniel Akers. The Service Packets shall include:

    a. a completed summons form;

    b. the complaint (R. 1);

    c. this Order; and

    d. a completed USM 285 Form.

6. The Deputy Clerk shall send the Service Packets to the United States Marshals Service ("USMS") in Lexington, Kentucky and note the date of delivery on the docket.

7. The USMS shall personally serve the Service Packets upon the defendants at the Lee Adjustment Center, 168 Lee Adjustment Center Drive, Beattyville, Kentucky 41311, through arrangement with appropriate officials at that facility.

8. Following completion of service, the defendants must answer or otherwise respond to Peeler's complaint as required by Rule 12 of the Federal Rules of Civil Procedure.

9. Finally, Peeler must keep the Clerk's Office informed of his current mailing address. If Peeler fails to notify the Clerk's Office, in writing, of a change in his address, the Court will dismiss this matter.

This 15th day of January, 2026.



Signed By:

*Karen K. Caldwell*

**United States District Judge**